**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**CHARLES MAY,**
                   **Plaintiff,**

      -v.-                                              9:06-CV-0437
                                                                 (GLS)(RFT)

**BARE HILL CORRECTIONAL FACILITY;**
**SUPERINTENDENT DONNELI; DONALDSON;**
**DEP. STERN; IMAM AHMED; JOHN DOE; and**
**OFFICER MATTHEW,**
                   **Defendants.**

---

**APPEARANCES:**

**CHARLES MAY**
**Plaintiff,** *pro se*

**GARY L. SHARPE, District Judge**

## DECISION & ORDER

      Presently before the Court is an amended complaint filed by Plaintiff Charles May.[1]  Dkt. No. 6.  Plaintiff, who is incarcerated at Bare Hill Correctional Facility ("Bare Hill"), also filed an application to proceed *in forma pauperis*.  Dkt. No. 2.

      In his amended complaint, Plaintiff claims that his First Amendment rights were violated when he was denied meals and participation in religious practices during the holy month of Ramadan.  Dkt. No. 6, Amended Complaint at ¶¶ 1, 13-19.  Plaintiff also claims that the grievance committee improperly handled his grievance.  *Id.* at ¶¶ 16-20.  For a complete statement of Plaintiff's claims, reference is made to the amended complaint.  Dkt. No. 6.

      The Court notes that while the docket shows that Bare Hill is named as a Defendant, it is

---

[1] Plaintiff filed the amended complaint before the Court reviewed his original complaint.  Since Defendants have not filed any responsive pleading to Plaintiff's initial complaint, Plaintiff may properly file this amended complaint without leave of Court.  *See* FED. R. CIV. P. 15(a) (a party may amend his pleading "once as a matter of course at any time before a responsive pleading is served").  Thus, this Court will only review the amended complaint pursuant to Local Rule 5.4.

unclear whether Plaintiff is suing New York State, Bare Hill, or both.  Plaintiff is advised that claims for monetary damages against New York State are barred by the Eleventh Amendment to the United States Constitution.  *See* U.S. Const., Amend. XI; *Hans v. Louisiana*, 134 U.S. 1 (1890); *Farid v. Smith*, 850 F.2d 917, 920-21 (2d Cir. 1988); *Amankwaah v. Cayuga County*, No. 92-CV-1103, 1992 WL 296459 at *2-3 (N.D.N.Y. Oct. 16, 1995) (McCurn, C.J.).  Plaintiff is further advised that since Bare Hill is an arm of the State for Eleventh Amendment purposes, it is absolutely immune from this lawsuit.  *Will v. Michigan Dep't of Police*, 491 U.S. 58, 71 (1989); *Rivera v. Goord*, 119 F.Supp.2d 327, 336 (S.D.N.Y. 2000) (defendant correctional facility immune from suit since it is a branch of a state agency, the Department of Corrections).  Accordingly, Bare Hill is dismissed as a Defendant.

The Court also notes that Plaintiff names "John Doe" as a Defendant.  Plaintiff is advised that the United States Marshals cannot effect service on a "John Doe" Defendant.  Therefore, Plaintiff must take reasonable steps to ascertain this Defendant's identity through the discovery process.  If Plaintiff is later able to identify this unnamed Defendant, he may then file a motion to amend the amended complaint and seek leave of the Court to add such individual, by name, as a Defendant to this action.  Plaintiff is further advised that if this individual is not timely served, this action will be dismissed as against this individual.

Turning to Plaintiff's *in forma pauperis* application, after reviewing the entire file herein, the Court finds that the application may be granted.

**WHEREFORE,** it is hereby

**ORDERED**, that "Bare Hill Correctional Facility" is **DISMISSED**, without prejudice, as a Defendant, and it is further

**ORDERED**, that the Clerk update the docket to add "Deacon Bashaw" as a Defendant as

reflected in the amended complaint, and it is further

**ORDERED**, that Plaintiff's *in forma pauperis* application is **GRANTED**.[2]  The Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon Defendants.  The Clerk shall forward a copy of the summons and amended complaint by mail to the Office of the New York State Attorney General, together with a copy of this Order, and it is further

**ORDERED**, that the Clerk provide the Superintendent of the facility designated by Plaintiff as his current location with a copy of Plaintiff's authorization form, and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $250.00[3] pursuant to 28 U.S.C. § 1915, and it is further

**ORDERED**, that the Clerk provide a copy of Plaintiff's authorization form to the Financial Deputy of the Clerk's Office, and it is further

**ORDERED**, that a response to Plaintiff's amended complaint be filed by Defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on Defendants, and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **<u>Any paper sent by a party to the Court or the Clerk must be accompanied by a</u>**

---

[2] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.

[3] This action was filed prior to the April 9, 2006 increase in filing fees.

3

**certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be returned, without processing.**  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do so will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court, and it is further

> **ORDERED**, that the Clerk serve this Order on Plaintiff.

**IT IS SO ORDERED.**

July 6, 2006
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge