**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
--------------------------------

CHARLES MAY,

                         Plaintiff

    - v -                                      Civil No. 9:06-CV-00437
                                                  (GLS/RFT)

SUPERINTENDENT DONNELI, *et al.*

                         Defendants.
--------------------------------

**APPEARANCES:**                                      **OF COUNSEL:**

CHARLES MAY
Plaintiff, *Pro Se*
05-A-3300
Adirondack Correctional Facility
Box 110
Ray Brook, NY 12977

HON. ANDREW M. CUOMO                       DAVID L. COCHRAN, ESQ.
New York State Attorney General                Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**

    *Pro se* Plaintiff Charles May brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that his First Amendment rights were violated when he was denied the opportunity to eat blessed food for seven days with his fellow Nation of Islam members during the Holy Month of Ramadan. Dkt. No. 51, Am. Compl. at ¶ 1. In addition, Plaintiff asserts claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, and New York State Corrections Law § 610. *Id.* at ¶ 37. Defendants move for Partial Summary Judgment, to which

Plaintiff filed a Response in Opposition. Dkt. Nos. 57-58. Defendants contend that Plaintiff is (1) barred from bringing an action for mental or emotional injury under 42 U.S.C. § 1983 because he failed to allege the required showing of physical injury pursuant to 42 U.S.C. § 1997e(e); and (2) estopped from bringing a pendent state law claim pursuant to N.Y. CORR. LAW § 24. Dkt. No. 57-5, Defs.' Mem. of Law at pp. 2-4. For the reasons that follow, it is recommended that the Defendants' Motion be **GRANTED in part** and **DENIED in part.**

## I. BACKGROUND

The following material facts are not, for purposes of this Motion, in dispute. Plaintiff alleges that in August 2005, approximately one month prior to the Islamic celebration of Ramadan, he was signed up as a member of the Nation of Islam in order to allow him to participate in Ramadan related activities. Dkt. No. 58, Pl.'s 7.1 Statement at p. 2. According to Plaintiff, during the Holy Month of Ramadan, Muslims are unable to eat during mess hall hours because they are required to fast during that time; the fast is then broken at night by eating blessed food. Am. Compl. at ¶ 16.[1] On October 5, 2005, Plaintiff fasted and then ate blessed food with his fellow Nation of Islam members. *Id.* at ¶ 13. Plaintiff alleges that on October 6, 2005, he was informed by Defendant Sergeant Jones, in the presence of Defendant Corrections Officer ("C.O.") Mathew, that the administration had him listed as a Sunni Muslim and he would therefore have to eat with them until the administration straightened things out. *Id*. Though Plaintiff was willing to eat with the Sunni Muslims temporarily, he alleges that when he attempted to enter the Masjid[2] on October 6th, he was denied access by C.O. Mathew because he was

---

[1] Though Plaintiff submitted a "Material Fact" statement in accordance with N.D.N.Y.L.R. 7.1 (Dkt. No. 57), his statement is presented in an argumentative manner and does not clearly lay out all of his factual allegations. Therefore, the Court relies primarily on Plaintiff's Amended Complaint to discern his factual allegations.

[2] A Masjid is a Muslim place of worship, commonly referred to in English as a Mosque.

not on the list. *Id.* at ¶ 35. Plaintiff alleges that Defendant Sergeant Jones maliciously failed to put him on the Sunni Muslim list. *Id.* at ¶ 34. Ultimately, Plaintiff was unable to eat with either Muslim sect for seven days until October 13, 2005, when he was permitted to eat with the Sunni Muslims. *Id.* at ¶ 19. During those seven days, Plaintiff observed the fasting strictures of Ramadan, but was unable to properly break his fast, thus resulting in a seven day fast. After informing Defendant Superintendent Donneli of the matter, Plaintiff was immediately placed with the Nation of Islam on October 18, 2005. *Id.* at ¶ 20.

Though Plaintiff refrained from eating for seven days, he alleges no physical injury other than that he "lost a few pounds," was feeling lightheaded because of a possible increase in blood pressure, and suffered mental and emotional distress. Dkt. No. 58, Pl.'s Resp. in Opp'n to Defs.' Mot. (hereinafter "Pl.'s Resp.") at p. 2. In fact, Plaintiff stated candidly during his deposition that he did not suffer any physical injury. Dkt. No. 57-4, David L. Cochran, Esq., Affirm., dated Oct. 15, 2008, Ex. A, Pl.'s Dep., dated Jan. 22, 2008 (hereinafter "Pl.'s Dep.") at p. 2.

Plaintiff alleges a second violation of his constitutional right to freely exercise his religion when Defendants denied him the opportunity to have family visits during the Muslim festival of Eid-Ul-Adha. Am. Compl. at ¶ 22.

As a result of the aforementioned factual allegations Plaintiff claims he suffered emotional, mental, and physical distress, and seeks both compensatory and punitive damages for his alleged injuries. *Id.* at ¶¶ 22, 25 & 26.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In order for an issue of material fact to exist, it must relate to a disputed matter that "might affect the outcome of the suit," and the evidence is such that a "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On a motion for summary judgment, the moving party bears the initial burden to demonstrate that there is no genuine issue as to any material fact, and therefore, they are entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must go beyond the pleadings and allege specific facts that present a genuine issue for trial. FED. R. CIV. P. 56(e). To that end, the non-movant cannot rest on "mere allegations or denials." *Id.*

When evaluating a motion for summary judgment, the court will draw all inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Moreover, when a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (cited in *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995)). Nevertheless, a party's "bald assertion," unsupported by evidence, is insufficient to overcome a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

### B. Physical Injury Requirement

The Prison Litigation Reform Act of 1995 ("PLRA"), codified in part at 42 U.S.C. § 1997e(e), states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing

of physical injury." The purpose of this physical injury requirement is to discourage frivolous suits commenced by inmates. *See Cox v. Malone*, 199 F. Supp. 2d 135, 139-140 (S.D.N.Y. 2002) ("Section 1997e(e) [. . .] is a *substantive* limitation on the type of actions that can be brought by prisoners. Its purpose is to weed out frivolous claims where only emotional injuries are alleged.") (emphasis in original). The Second Circuit Court of Appeals has held that the PLRA applies to alleged constitutional violations brought under 42 U.S.C. § 1983. *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002).

In this case, the only physical injury that Plaintiff states he suffered was a loss of a few pounds and a possible increase in blood pressure. Pl.'s Resp. at p. 2. Furthermore, Plaintiff did not allege these injuries in his Amended Complaint, but rather, only after Defendants raised the PLRA defense in their Motion for Partial Summary Judgment. Prior to Defendants' Motion, Plaintiff stated at his deposition that he did not suffer any physical injury. Pl.'s Dep. at p. 2. Even assuming, *arguendo*, that Plaintiff had properly alleged a physical injury in his Amended Complaint, his allegations do not constitute physical injury for purposes of the PLRA.

Section 1997e(e) provides no definition of "physical injury." *Liner v. Goord*, 196 F.3d 132, 135 (2d Cir. 1999). However, courts have held that in order to constitute a physical injury under 1997e(e), an injury must be more than *de minimis*, but need not be significant. *Id.* (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)); *Warren v. Westchester County Jail*, 106 F. Supp. 2d 559, 570 (S.D.N.Y. 2000) (citing *Siglar*).

The issue is therefore whether Plaintiff's loss of a few pounds amounts to more than a *de minimis* injury for purposes of the PLRA. In short, it appears this question is answered in the negative. Loss of weight is generally not considered to be a physical injury for purposes of the PLRA, especially

the loss of only a few pounds. *See Dawes v. Walker*, 1998 WL 59454, at *1 n.1 (N.D.N.Y. Feb. 9, 1998) ("It appears unlikely that lost weight is a physical injury within the meaning of Section 1997e(e)."); *see also Porter v. Coombe*, 1999 WL 587896, at *8 (S.D.N.Y. Aug. 4, 1999) (plaintiff's loss of twenty-five pounds did not constitute a physical injury); *accord Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006) (plaintiff's loss of fifty pounds did not constitute a physical injury). Similarly, Plaintiff's alleged increase in blood pressure does not amount to physical injury. *See Jones v. H.H.C. Inc.*, 2003 WL 1960045, at *5 (S.D.N.Y. Apr. 8, 2003); *accord Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (articulating that § 1997e(e) precludes reliance on somatic manifestations of emotional distress). Thus, Plaintiff has not alleged a sufficient physical injury pursuant to the PLRA.

Although Plaintiff has not met his burden on the physical injury requirement of the PLRA, his failure to do so is not completely dispositive of his underlying constitutional claim. "The failure of prisoners to plead or establish a compensable actual injury in a § 1983 constitutional tort claim [. . .] only precludes the recovery of compensatory damages, but does not lead to the dismissal of the underlying claim." *Dawes v. Walker*, 239 F.3d 489, 496 (2d Cir. 2001). Plaintiff may still be entitled to injunctive or declaratory relief for a violation of his constitutional rights. *Thompson v. Carter*, 284 F.3d 411, 416-418 (2d Cir. 2002). A plaintiff is not required to show physical injury in order to recover nominal damages, punitive damages, or declaratory relief. *Gill v. Hoadley*, 2007 WL 1341468, at *4 (N.D.N.Y. May 4, 2007). In fact, it is error for courts not to award nominal damages in § 1983 actions when a constitutional violation has been established. *See Robinson v. Cattaraugus*, 147 F.3d 153, 162 (2d Cir. 1998).

In the instant case, Plaintiff has requested punitive damages. Am. Compl. at ¶ 26. Defendants do not challenge the merits of Plaintiff's underlying constitutional claim, therefore that issue is not

before this Court. Due to Plaintiff's inability to demonstrate a physical injury under 1997e(e), compensatory damages for mental or emotional suffering are barred for his § 1983 claim, but it remains to be decided if Plaintiff is entitled to nominal damages, punitive damages, or declaratory relief.

### C. Plaintiff's Pendent State Law Claim

Plaintiff also brings a pendent state law claim pursuant to N.Y. CORR. LAW § 610, which guarantees inmates "the free exercise and enjoyment of religious profession and worship" while incarcerated. Am. Compl. at ¶ 37. A federal court exercising pendent jurisdiction must apply state law. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996). "Thus, if state law does not recognize a plaintiff's right to bring an action in state court, a federal court, exercising pendent jurisdiction, sitting as a state court, must follow the state law limitation on jurisdiction." *Livingston v. Griffin,* 2007 WL 2437433, at *2 (N.D.N.Y. Aug. 22, 2007) (citing *Baker v. Coughlin,* 77 F.3d 12, 15 (2d Cir. 1996)).

Defendants argue that this claim is barred by N.Y. CORR. LAW § 24, which reads:

> 1. No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.
>
> 2. Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of the department shall be brought and maintained in the court of claims as a claim against the state.

Thus, § 24 precludes "the assertion of claims against corrections officers [in their personal capacities] in any court, including the federal courts," by designating the New York State Court of Claims as the only available venue to bring a claim for damages arising out the acts committed by corrections officers within the scope of their employment. *Baker v. Coughlin,* 77 F.3d at 14-15. And,

because the Court of Claims is a court of limited jurisdiction, hearing only claims against New York State and no other individual or entity, § 24 amounts to a grant of immunity for corrections officers sued in their personal capacities for claims arising out of the discharge of their duties. N.Y. CT. CLMS. LAW § 9.

After the parties submitted their respective briefs on this Motion, the Supreme Court held in *Haywood v. Drown*, __ U.S.__, 129 S. Ct. 2108 (2009) that § 24, when used to relegate to the Court of Claims civil rights actions brought pursuant to 42 U.S.C. § 1983, is inconsistent with the Supremacy Clause, U.S. Const. Art. VI, cl. 2, and therefore, unconstitutional. The *Haywood* Court held that New York State, having created courts of general jurisdiction that routinely hear § 1983 actions against all types of state actors, "is not at liberty to shut the courthouse door to federal claims [against corrections officers] that it considers at odds with its local policy." *Id*. at 2117. The Supreme Court found such selective treatment of § 1983 claims brought against corrections officers to be "contrary to Congress' judgment that *all* persons who violate federal rights while acting under color of state law shall be held liable for damages," and therefore, in violation of the Supremacy Clause. *Id.* at 2115 (emphasis in original).

In this case, Plaintiff has brought a state law claim pursuant to N.Y. CORR. LAW § 610. Although the *Haywood* decision found § 24 to be in violation of the Supremacy Clause, it did so only with respect to claims brought under § 1983, a federal statute. A claim brought pursuant to a state law does not implicate the Supremacy Clause, and therefore, the *Haywood* decision does not affect the question of whether this Court has proper jurisdiction to hear this pendent state law claim.

Even after *Haywood*, a New York state court (other than the Court of Claims) would not have jurisdiction to hear Plaintiff's pendent claim pursuant to § 24 because Plaintiff has alleged acts that

clearly fall within the scope of the Defendants' employment duties as corrections officers. Therefore, this Court does not have jurisdiction to hear this pendent state law claim brought pursuant to N.Y. CORR. LAW § 610, and it is recommended that such claim be **dismissed**. *Baker v. Coughlin,* 77 F.3d at 14-16; *see also, e.g., Cancel v. Mazzuca*, 205 F. Supp. 2d 128, 139 (S.D.N.Y. 2002) (dismissing plaintiff's pendent state law claims pursuant to § 24).

### III. CONCLUSION

For the reasons stated therein, it is hereby

**RECOMMENDED**, that the Defendants' Motion for Partial Summary Judgment (Dkt. No. 57) be **GRANTED in part and DENIED in part**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   August 25, 2009
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge